# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

BOBBIE GASTON                                                                    PLAINTIFF

v.                               No. 5:05CV00261 JLH

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                          DEFENDANT

## OPINION AND ORDER

Bobbie Gaston challenges the final decision of the Commissioner of the Social Security Administration denying her claims for Disability Insurance Benefits and Supplemental Security Income. For the following reasons, this matter is affirmed.

The Social Security Act provides disability insurance benefits for every individual who is insured for such benefits, has not attained retirement age, has filed an application for such benefits, and is under a disability. 42 U.S.C. § 423(a)(1) (2006). The Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The Social Security regulations provide a five-step process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step requires a determination of whether the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(a)(4)(i). If not, the second step is to determine whether the claimant has a severe impairment or combination of impairments. *Id.* §§ 404.1520(c), 416.920(a)(4)(ii). If so, the third step is to determine whether the impairments meet or equal a listed impairment that is presumed to be disabling. *Id.* §§ 404.1520(d),

416.920(a)(4)(iii). If not, the evaluation proceeds to step four, in which it must be determined whether the claimant has sufficient residual functional capacity to perform his or her past work. *Id.* §§ 404.1520(e)-(f), 416.920(a)(4)(iv). If the claimant is unable to do so, the ALJ must determine at step five whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education, and work experience. *Id.* §§ 404.1520(g), 416.920(a)(4)(v).

## I.

Bobbie Gaston was born in 1959. She applied for disability insurance benefits on December 20, 2000, claiming that she had been disabled since March 12, 1998. Gaston claims that she has been unable to work for fifteen years due to a variety of ailments, including: 1) headaches, 2) hypertension, 3) arthritis, 4) limited range of motion, 5) diabetes mellitus, and 6) morbid obesity. Gaston alleges that she suffers from chronic fatigue, dizziness, back, hand, knee, and foot pain, leg swelling, asthma, trouble sleeping more than thirty uninterrupted minutes each night, and increasing mental and emotional symptoms, including depression and visual hallucinations, as a result of her medical conditions.

Gaston testified that she has an eighth grade education, cannot read well, and can write only a little. She explained that she cannot take down a phone message. Gaston testified that she has problems sitting and standing and stated that she cannot sit for eight hours a day due to lower back pain as well as pain in her legs. She also explained that she spends most of her day in bed, but that she tries to walk back and forth to the road and is sometimes able to play with her eight-year-old grandson. According to Gaston, her daughter cooks and cleans for her, and when she is in pain, she must be dressed and bathed by someone.

Upon conducting the required five-step evaluation, the administrative law judge determined that Gaston has no history of past relevant work activity; that Gaston's combination of impairments associated with obesity, hypertension, and diabetes mellitus are severe within the meaning of the Social Security Regulations; and that these impairments do not meet a listed impairment. On June 23, 2005, the ALJ also found that Gaston possessed the residual functional capacity to perform sedentary work and thus was not disabled under the Act. Gaston filed a request for review, which the Appeals Council denied on August 26, 2005, and the ALJ's decision thereby became the final decision of the Social Security Commissioner. Gaston now seeks review in this Court.

This Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g). This review function is limited, namely "'to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.'" *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000) (quoting *Clark v. Apfel*, 141 F.3d 1253, 1255 (8th Cir. 1998)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's decision." *Id.* This Court "'may not reverse the Commissioner's decision merely because substantial evidence supports a contrary outcome.'" *Id.* (quoting *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999)). Nevertheless, "[t]he review [the Court] undertake[s] is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, [the Court] also take[s] into account whatever in the record fairly detracts from the decision." *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998).

## II.

Gaston asserts that the ALJ failed to comply with the directives of this Court and the Appeals

Council upon remand and failed to comply with the applicable regulations and rulings of the Commissioner. Specifically, the ALJ was ordered to "update, address and evaluate the medical evidence in order to adequately assess [Gaston's] functional limitations and her residual functional capacity. Furthermore, the ALJ with [sic] address and evaluate [Gaston's] subjective complaints and non-compliance issues." Transcript of Record at 379. Gaston also asserts that the ALJ erred in referencing the Medical-Vocational Guidelines when Gaston suffers from nonexertional impairments and that a vocational expert should have been allowed to testify on her behalf.

However, the ALJ fully discussed the physical medical evidence. *Id.* at 298-309. The ALJ's conclusion – that Gaston is able to perform sedentary work[1] – is in line with the diagnoses of the examining physicians, even those who restricted Gaston's functions more severely than others. Dr. Hill, who did write at one point that Gaston "is both physically and mentally unable to work at any type of job," also stated in her Medical Assessment of Ability to do Work Related Activities (Physical) that Gaston's sitting is unaffected by any impairment and that Gaston can stand or walk

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a).

> 'Occasionally' means occurring from very little up to one-third of the time. Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.

Social Security Ruling 83-10 (1983).

4

up to two hours in an eight-hour workday. *Id.* at 481, 570. Another physician concluded that Gaston can sit six hours in an eight-hour workday, stand or walk six hours in an eight-hour workday, and frequently lift or carry twenty-five pounds. *Id.* at 528. Each diagnosis is consistent with the requirements of sedentary work. One physician, Dr. Peter Chu, noted, "During the exams, Ms Gaston did not demonstrate any difficulty walking, talking, listening, or communicating. There were no signs of physical impairments." *Id.* at 524. While the ALJ is required to discuss several factors when analyzing a claimant's subjective allegations of pain, *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir. 1984), here, the ALJ specifically referenced these factors and discussed them in the opinion, Transcript of Record at 302-03. In reaching his conclusion, the ALJ also relied upon Gaston's "chronic non-compliance with treatment recommendations . . . for proper diet, exercise and compliance directed toward control of symptoms," which is a valid consideration. *Kelley*, 133 F.3d at 589 ("[F]ailure to follow a prescribed course of treatment without good reason can be a ground for denying an application for benefits."); *see also* Transcript of Record at 301. As mentioned, the ALJ fully discussed the medical evidence, and substantial evidence exists to support his opinion.

The ALJ also fully discussed the medical evidence concerning any potential mental or emotional impairment. *Id.* at 304-06. One psychologist, Dr. Gilbert Macvaugh, concluded that Gaston may have a mental or emotional impairment based on her inability to follow a logical train of thought or to recall what she had eaten during her most recent meals, among other reasons. *Id.* at 304. However, the ALJ noted that at no time prior to or following this examination was there ever a report of Gaston's inability to think or communicate logically. *Id.* Specifically, there were other occasions where Gaston could recall what she had eaten and when on the previous night in addition to being able to communicate without any impairment. *See, e.g.*, *id.* at 507, 524. Furthermore, when

5

Gaston was examined by another licensed psychologist, Dr. Charles Spellman, his only diagnosis was that Gaston was malingering as to any mental impairment and that her "communication was good in all areas." *Id.* at 502-03. In order for an opinion from a treating physician to be given controlling weight, it must be well-supported by medically acceptable clinical and laboratory diagnostic techniques as well as be consistent with other substantial medical and non-medical evidence. *See* 20 C.F.R. § 416.927(d)(2). Here, Dr. Macvaugh's opinion was not consistent with substantial medical and non-medical evidence, and it was appropriate for the ALJ to refrain from giving Dr. Macvaugh's opinion controlling weight. Thus, the ALJ adequately discussed any potential mental or emotional impairment on the part of Gaston and substantial evidence exists to support his opinion.

The Commissioner properly noted that "'if the ALJ determines that a claimant's nonexertional limitations do not affect the claimant's residual functional capacity then the ALJ may rely on the [Medical-Vocational] Guidelines to direct a conclusion of either disabled or not disabled without resorting to vocational expert testimony.'" *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003) (quoting *Thompson v. Bowen*, 850 F.2d 346, 349 (8th Cir. 1998)). Here, the ALJ properly evaluated Gaston's residual functional capacity and determined that her nonexertional limitations do not affect her ability to perform sedentary work. Transcript of Record at 308-09. Therefore, it was not improper for the ALJ to rely on the Guidelines to direct a conclusion of not disabled rather than hear the testimony of a vocational expert.

## CONCLUSION

The ALJ fully discussed the medical evidence regarding any potential physical, mental, or emotional impairment on the part of Gaston, and substantial evidence exists to support his opinion.

6

Furthermore, it was not improper for the ALJ to rely on the Medical-Vocational Guidelines in light of his conclusion that Gaston's nonexertional limitations do not affect her ability to perform sedentary work. Accordingly, the decision of the Commissioner of the Social Security Administration is affirmed.

IT IS SO ORDERED this 20th day of March, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE